**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ASIM MALIK,

                              Plaintiff,                    1:25-cv-00076 (AMN/MJK)

v.

AYURYOGA, INC.,

                              Defendant.

---

**APPEARANCES:**                           **OF COUNSEL:**

**LAZARE POTTER**                           **YALE GLAZER, ESQ.**
**GIACOVAS & MOYLE LLP**
747 Third Avenue, 16th Floor
New York, NY 10017
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On January 16, 2025, Plaintiff Asim Malik commenced this breach of contract action, seeking monetary damages, interest, attorneys' fees, and costs. *See* Dkt. No. 1. Presently before the Court is Plaintiff's motion for a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Dkt. No. 9 (the "Motion"). For the reasons set forth below, Plaintiff's Motion is granted.

## II.    BACKGROUND

Plaintiff is an individual residing in New Jersey. Dkt. No. 1 at ¶ 3. Defendant Ayuryoga, Inc. is a New York corporation with its principal place of business in New Paltz, New York. *Id.* at ¶ 4. On or about November 30, 2022, Plaintiff and Defendant executed a promissory note (the "Note"). *Id.* at ¶ 8. In connection with the Note, Plaintiff provided Defendant with $100,000. *Id.*

at ¶ 9.  The Note specified that Defendant would make monthly interest payments on the Note's balance at 12% per annum beginning in November 2022 and continuing until either (i) the $100,000 principal balance was paid in full or (ii) Plaintiff converted the outstanding principal amount into shares of Defendant's common stock.  *Id.* at ¶¶ 10, 13.  Such interest payments were due "by the 7th of each month for the previous month."  *Id.* at ¶ 11.  The Note also provided that Plaintiff could demand immediate payment of all unpaid principal and interest beginning on November 30, 2023.  *Id.* at ¶ 12.  The Complaint asserts that the Note is "governed, construed and enforced in accordance with" New York law.  *Id.* at ¶ 15.  Finally, the Note stated that "[Defendant] hereby acknowledges that [Plaintiff] shall be entitled to recover, and the undersigned agrees to pay when incurred, all reasonable costs and expenses of collection of this Note, including without limitation, reasonable attorneys' fees."  *Id.* at ¶ 14.

The Complaint alleges that Defendant "made certain interest payments on the Note, but failed to make the required $1,000 interest payment for June 2023."  *Id.* at ¶ 16.  Although Defendant made payments for July through October 2023, according to the Complaint, Defendant failed and refused "to make any interest payment after the $1,000 October 2023 interest payment," and Defendant "refused to return the Principal amount, despite due demand," in breach of the Note. *Id.* at ¶¶ 17-20, 27.  Plaintiff alleges he made a demand for payment of the principal and interest "[a]fter November 30, 2023[.]"  *Id.* at ¶ 24.

Plaintiff filed this suit on January 16, 2025, alleging that Defendant's nonpayment constitutes a breach of the Note.  *Id.* at ¶¶ 27-30.  Defendant was served on or about January 21, 2025 via the New York Secretary of State.  Dkt. No. 5.  Despite service, Defendant has failed to respond to the Complaint or make an appearance.  On February 20, 2025, Plaintiff filed a request

for entry of a certificate of default pursuant to Fed. R. Civ. P. 55(a), which the Clerk of Court granted. *See* Dkt. Nos. 6, 8.

## III.    STANDARD OF REVIEW

Fed. R. Civ. P. 55 "provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046 (LAP), 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quoting Fed. R. Civ. P. 55(a)). "Second, pursuant to Rule 55(b)(2), the party seeking [a] default judgment is required to present its application for entry of judgment to the court." *Id.* Pursuant to Local Rule 55.2(b), "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made."

Default judgments "are generally disfavored and are reserved for rare occasions[.]" *Enron Oil Corp. V. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Before a court enters a default judgment, it "must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-CV-03147 (KAM) (RER), 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted) (brackets in original).

The decision to grant a motion for a default judgment is within "the sound discretion of the district court." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quotation marks and citation omitted). "When evaluating the defendant's liability, the court accepts as true all well-pleaded allegations in the

complaint." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. Jan. 22, 2024) (citing *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019)). However, "the court cannot construe the damages alleged in the complaint as true," and the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *W. Coast Servicing, Inc. v. Giammichele*, No. 1:19-CV-1193 (GTS) (CFH), 2020 WL 5229374, at *2 (N.D.N.Y. Sept. 2, 2020) (quotation marks and citations omitted).

## IV.    DISCUSSION

### A.    Jurisdiction and Procedural Requirements

The Court first addresses its jurisdiction over this matter. While a "plaintiff has the burden to establish jurisdiction, a federal court has an independent obligation to determine whether subject-matter jurisdiction exists 'even in the absence of a challenge from any party.'" *Wilmington*, 712 F. Supp. 3d at 330 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). A federal district court has subject matter jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

In evaluating whether the amount in controversy exceeds $75,000, the Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). To overcome this presumption, "the legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 93 F.3d

1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785–86 (2d Cir. 1994)). Here, the Complaint alleges that Defendant has "refused to return" the $100,000 principal balance and "refused to pay any interest" for several months. Dkt. No. 1 at ¶¶ 17-20. Furthermore, Plaintiff is seeking damages "exceeding $100,000.00." *Id.* at ¶ 28. Accepting the factual allegations as true, the Court finds that the amount in controversy exceeds $75,000.

The Court also finds that the parties meet the citizenship requirements for diversity jurisdiction. Under 28 U.S.C. § 1332(a)(1), district courts have subject matter jurisdiction "only if there is no plaintiff and no defendant who are citizens of the same State." *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). In this case, the Complaint alleges that Plaintiff "resides and is domiciled in the State of New Jersey, County of Union." Dkt. No. 1 at ¶ 3. The Complaint also alleges that "Defendant is a New York corporation with its principal place of business located" in New Paltz, New York. *Id.* at ¶ 4. Accepting these factual allegations as true, the Court finds that Plaintiff is a citizen of New Jersey and Defendant is a citizen of New York. As such, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

Next, the Court must assess whether Plaintiff has taken "all the required procedural steps in moving for [a] default judgment." *Windward Bora, LLC*, 2022 WL 875100, at *2. Here, Plaintiff properly requested and obtained entry of a certificate of default by presenting the materials required by Fed. R. Civ. P. 55(a) and Local Rule 55.1. *See* Dkt. Nos. 6, 8. Next, Plaintiff properly filed the present motion in accordance with Fed. R. Civ. P. 55(b). Dkt. No. 9. Though not required

by the Federal Rules or the local rules,[1] Plaintiff's counsel filed certificates of service indicating

that he served both Plaintiff's initial request for a certificate of a default under Fed. R. Civ. P. 55(a)

and the Motion on Defendant, mitigating any potential concern that Defendant is unaware of its

default. Dkt. Nos. 7, 10. Therefore, the Court finds that Plaintiff has complied with the procedural

requirements for seeking a default judgment.

### B.    Liability

Next, the Court must assess whether Plaintiff's allegations, taken as true, establish liability.

Under New York law,[2] a breach of contract claim has four elements: "(i) the formation of a contract

between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv)

damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011) (citing *Eternity

Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. Of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004)).

For the first element, "[i]t is a basic tenet of contract law that, in order to be binding, a contract

requires a 'meeting of the minds' and 'a manifestation of mutual assent.'" *Starke v. Squaretrade,*

---

[1] Fed. R. Civ. P. 55(b)(2) provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application . . .". *Id.* Here, Defendant has not appeared in any capacity.

[2] Notably, Plaintiff has failed to attach a copy of the Note, nor does he explicitly allege the existence of a choice of law provision. The Complaint merely asserts that the Note is governed by New York law, *see* Dkt. No. 1 at ¶ 15, but the law which governs a contract is not purely a question of fact, and therefore, the Court need not take the Complaint at face value in the absence of other factual allegations suggesting the application of New York law is appropriate. *See M&J Mech. Corp. v. Caldwell & Walsh Building Construction, Inc.*, 24-CV-3336 (MMG) (RWL), 2025 WL 1899113, at *6 (S.D.N.Y. Apr. 23, 2025) (finding "conclusory statements" are insufficient to establish liability). Nevertheless, where a plaintiff has moved for a default judgment, and "where the parties are silent as to the issue of choice of law, 'it is appropriate for the Court to apply New York law—the law of the forum state—to Plaintiff's state-law claims.'" *NYQF Inc. v. Sigue Corp.*, -- F. Supp.3d --, 2025 WL 1303864, at *8 (E.D.N.Y. May 6, 2025) (quoting *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 528 n.5 (S.D.N.Y. 2012)); *see also Herrschaft v. Nat'l Transp., Inc.*, No. 21-CV-5618 (PKC) (JRC), 2023 WL 12056617, at *3 (E.D.N.Y. Aug. 2, 2023) (applying New York law where "plaintiffs do not address choice of law in their papers, nor has defendant, by virtue of its default"). Therefore, the Court applies New York law.

*Inc.*, 913 F.3d 279, 288 (2d Cir. 2019) (quoting *Express Indus. & Terminal Corp. v. N.Y. Dep't of Transp.*, 93 N.Y.2d 584, 589 (1999)).

Here, the Court finds that Plaintiff's allegations, taken as true, establish liability as to his breach of contract claim.  As to the first element, Plaintiff has adequately pled that the parties formed a contract because the Complaint alleges that the terms of the contract were written on the Note and that both Plaintiff and Defendant executed the Note.  Dkt. No. 1 at ¶¶ 8, 10–14; *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venez.*, 991 F.2d 42, 46 (2d Cir. 1993) ("Under New York law, in the absence of fraud or other wrongful conduct, a party who signs a written contract is conclusively presumed to know its contents and to assent to them, and he is therefore bound by its terms and conditions.").  Plaintiff has also adequately pled that he performed under the contract.  According to the Complaint, the Note provided that Plaintiff would transfer $100,000.00 to Defendant, and Plaintiff did so.  Dkt. No. 1 at ¶¶ 8, 9.  Despite Plaintiff's performance, Defendant failed to make certain monthly interest payments and failed to pay back the principal balance after Plaintiff's request.  *Id.* at ¶¶ 11, 12, 16–20.  Therefore, Defendant failed to perform its obligations under the Note.  *Id.*  Finally, Plaintiff has adequately pled damages resulting from Defendant's breach.  According to the Complaint, Plaintiff has suffered damages in excess of $100,000.00 as a result of Defendant's breach.  *Id.* at ¶ 28.  As a result, the Court finds that Plaintiff has established liability against Defendant.

### C.    Relief

Finally, the Court must determine whether the relief requested by Plaintiff should be granted.  Plaintiff first requests $100,000 in monetary damages for the Note's principal balance and unpaid interest on that balance at a rate of 12% per annum.  Dkt. No. 9-1 at ¶ 20.  Plaintiff also requests $1,000 in monetary damages for the missing June 2023 interest payment and unpaid

7

interest on that balance at a rate of 12% per annum. *Id.* at ¶ 21. Finally, Plaintiff requests $6,205.00 in legal fees and expenses "in connection with its attempts to collect on the Note," in accordance with the terms of the Note. *Id.* at ¶ 22; Dkt. No. 1 at ¶ 29.

"In New York, it is well established that the non-breaching party may recover 'general damages which are the natural and probable consequence of the breach.'" *Moreno-Godoy v. Kartagener*, 7 F.4th 78, 85 (2d Cir. 2021) (quoting *Kenford Co. v. Cnty. of Erie*, 73 N.Y.2d 312, 319 (1989)). "[D]amages for breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 143 (2d Cir. 2016) (quoting *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003)).

Because the Note provides that "[u]npaid Principal . . . shall be payable upon demand by [Plaintiff]" at any time on or after November 30, 2023, and because Defendant has not paid any amount of the principal balance to Plaintiff, despite due demand, Plaintiff is entitled to $100,000.00 in monetary damages resulting from Defendant's failure to pay Plaintiff the principal balance. Dkt. No. 1 at ¶¶ 12, 20; Dkt. No. 9-1 at ¶¶ 18, 19.

Additionally, pursuant to the alleged terms of the note, Plaintiff is entitled to interest on the principal balance at a rate of 12% per annum since November 30, 2023, totaling $19,693.15. Dkt. No. 1 at ¶¶ 10, 17, 18; Dkt. No. 9-1 at ¶¶ 11, 16, 17, 20. The Court notes that according to the Note, full payment was due "*upon demand* by [Plaintiff] at any time on or after 11/30/23[.]" Dkt. No. 1 at ¶ 12 (emphasis added). Plaintiff only alleges that he made a demand for full payment "*[a]fter* November 30, 2023" and does not specify the exact date of the demand. *Id.* at ¶ 24 (emphasis added). However, reading the allegation in a light most favorable to Plaintiff, the Court finds it appropriate to calculate contractual interest from November 30, 2023. *See, e.g., Astoria*

*Energy II LLC v. HH Valves Ltd.*, No. 17-CV-5724 (ENV) (RER), 2019 WL 4120759, at *4 n.4 (E.D.N.Y. Aug. 2, 2019) (noting, on a motion for default judgment, the Court must view allegations in the light most favorable to plaintiff). As of July 21, 2025 it has been 599 days since November 30, 2023. At an interest rate of 12% per annum on a balance of $100,000, the daily rate is approximately $32.87, and Plaintiff is entitled to $19,693.15 in interest on the principal balance. *See* Dkt. No. 9-1 at ¶ 20.

Furthermore, Plaintiff is entitled to $1,000 in monetary damages for Defendant's failure to pay the monthly interest payment required under the Note for June 2023. Dkt. No. 1 at ¶¶ 16, 23; Dkt. No. 9-1 at ¶¶ 15, 21. As alleged, the Note "required Defendant to make an interest payment by the 7th of each month for the previous month[,]" *see* Dkt. No. 1 at ¶ 11, and the Complaint adequately alleges that Defendant failed to make the "$1,000 interest payment for June 2023[,]" *id.* at ¶ 16.

As to Plaintiff's request for interest on the unpaid $1,000 June 2023 interest payment, the Court finds that Plaintiff is entitled to prejudgment interest at the statutory rate of 9% per annum, totaling $183.70, pursuant to N.Y. C.P.L.R. § 5001. Plaintiff requests interest on the June 2023 interest payment "at 12% per annum since July 7, 2023 through the date of the entry of judgment, which at the daily rate of $3.28, totals $1,977.84 in interest through [February 28, 2025] (603 days)[.]" Dkt. No. 9-1 at ¶ 21. This proposed award is inappropriate for two reasons. First, it appears that Plaintiff miscalculated the daily rate of interest. An interest rate of 12% per annum on a $1,000 balance yields a daily rate of approximately $0.33, not $3.28. Second, Plaintiff is not entitled to 12% prejudgment interest on the missed June 2023 payment. "Under New York law, prejudgment interest on missed principal payments is governed by the contract's terms, but a plaintiff is also entitled to prejudgment interest at a 9% statutory rate on any interest payments

required by the contract that the defendant has failed to make[.]" *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 492 F. Supp. 3d 222, 231 (S.D.N.Y. 2020).  Here, "[t]he Note provided that simple interest would be paid *on the Principal balance* of the Note at Twelve Percent (12%) per annum[.]"  Dkt. No. 1 at ¶ 10 (emphasis added).  The 12% rate does not, therefore, apply to the missed interest payments.  Nevertheless, Plaintiff is entitled under New York law to recover interest on the missing $1,000 June 2023 interest payment at the statutory rate of 9% per annum. *See* N.Y. C.P.L.R §§ 5001, 5004; *Casa Express Corp.*, 492 F. Supp. 3d at 231.  At an interest rate of 9% per annum on a balance of $1,000, the daily rate is approximately $0.25.  It has been 745 days since July 7, 2023, the date on which the June 2023 interest payment was due.  Dkt. No. 1 at ¶ 11; Dkt. No. 9-1 at ¶¶ 12, 15, 21.  Therefore, Plaintiff is entitled to $183.70.

Finally, Plaintiff is entitled to legal fees and expenses, though the Court limits the attorneys' fees granted.  Although legal fees and expenses are generally not recoverable in an action for breach of contract, "[u]nder New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear."  *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008).  According to the Complaint, Defendant agreed to pay under the Note "all reasonable costs and expenses of collection of this Note, including without limitation, reasonable attorneys' fees."  Dkt. No. 1 at ¶ 14.  This provision "indicates unmistakably" that Defendant agreed to pay for Plaintiff's reasonable legal fees and costs associated with collecting on the Note.  *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 178 (2d Cir. 2005) (quotation and citation omitted).

The Court has reviewed Plaintiff's application for legal fees and expenses for reasonableness.  *See* Dkt. No. 9-1 at ¶ 22; Dkt. No. 9-5.  To determine a reasonable hourly rate,

the Court considers "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011) (internal quotation marks and citation omitted). The Court must assess the reasonable rate *in this district*. *Id.* at 290. Plaintiff's counsel has submitted contemporaneous records illustrating that he charged Plaintiff an hourly rate of $550. *See* Dkt. No. 9-5. "A review of cases in this District indicates that the following hourly rates (or rate ranges) are reasonable: $250-$350 for partners; $165-$200 for associates; and $80-$95 for paralegals, legal assistants, and other paraprofessionals." *UFCW Local One Health Care Fund v. Greene Great American*, 6:23-cv-1441 (BKS/MJK), 2025 WL 1506163, at *5 (N.D.N.Y. May 27, 2025). As such, the Court reduces the hourly rate for the purposes of calculating attorneys' fees to $350.

Plaintiff's counsel has also submitted contemporaneous records demonstrating that he spent 10.2 hours on this case. *See* Dkt. No. 9-5. The Court finds this to be a reasonable amount of time for purposes of calculating reasonable attorneys' fees. *See Bärsch v. Modern Boss Marketing LLC*, 1:24-CV-820 (AMN/DJS), 2025 WL 1424254, at *6 (N.D.N.Y. May 16, 2025) (finding a range of 5.95 hours to 30 hours appropriate for a case resulting in a motion for a default judgment). Therefore, the Court finds that Plaintiff is entitled to $3,570 in attorneys' fees.

The Court also finds that Plaintiff is entitled to $595 in other costs. Plaintiff has demonstrated, through invoices, that $595 was spent on court fees and a process server. *See* Dkt. No. 9-5. "These expenses are routinely recoverable." *Barsch*, 2025 WL 1424254, at *6 (citation omitted).

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion, Dkt. No. 9, is **GRANTED**; and the Court further

**ORDERS** that judgment be entered against Defendant in favor of Plaintiff for breach of the Note. Defendant shall be liable for $101,000.00 in monetary damages, $19,693.15 in contractual interest on the principal, and $183.70 in prejudgment interest on the June 2023 interest payment; and the Court further

**ORDERS** that Plaintiff be awarded $4,165 in attorney's fees and costs; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 21, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge